# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ZAKIYAH RUFFIN-YASHAYAHU,**

    **Plaintiff,**

vs.                                                            Case No. 4:23cv143-MW-MAF

**HAYES-GIBSON**
**PROPERTY SERVICES,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case by submitting a complaint, ECF No. 1, and a month later, a motion seeking leave to proceed in forma pauperis, ECF No. 3. Plaintiff's motion was sufficient to demonstrate entitlement to proceeding without payment of the filing fee and was granted. ECF No. 4.

Plaintiff's complaint, ECF No. 1, however, was not sufficient. The pleading, entitled as an "amended complaint bill in equity," did not comply with Rule 8 of the Federal Rules of Civil Procedure and made only a vague assertion that "Plaintiff has established 'jurisdiction in estoppel.'" ECF No.

1 at 2.  That is not a proper statement of jurisdiction.  Additionally, Plaintiff claimed that diversity jurisdiction existed pursuant to 28 U.S.C. § 1332, but Plaintiff did not properly demonstrate that Plaintiff and the Defendant were diverse.[1]  *Id.*  Plaintiff stated only that the Defendant does business in the State of Florida and had a residency in the United States, *id.* at 1-2, but Plaintiff did not provide an address for the Defendant within the complaint.

An Order was entered on May 24, 2023, requiring Plaintiff to file an amended complaint which complied with Rule 8, demonstrated jurisdiction, and alleged facts showing an entitlement to relief.  ECF No. 4.  Plaintiff was given until **June 23, 2023**, to file the amended complaint, and warned that failure to do so would result in entry of a recommendation to dismiss this action.  *Id.*  As of this date, Plaintiff has not complied.  It appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  *See* Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The

---

[1] For diversity jurisdiction to exist, a civil action must be "between citizens of different States."  28 U.S.C. § 1332(a)(2).

Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order.  Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011) (stating it "was within the district court's discretion to dismiss the plaintiffs' § 1983 action without prejudice either under Rules 11 and 41(b) or under its inherent authority").  Here Plaintiff was forewarned and did not file an amended complaint in compliance with a Court Order.  Because Plaintiff has failed to prosecute this case, dismissal is appropriate.

Case No. 4:23cv143-MW-MAF

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on July 10, 2023.

 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**